## WOMACK ET AL. V. ACUFF ET AL.

(No. ——.)

APPEAL from Bosque County.　Opinion by DAVIDSON, J.

SMITH & DAVIS, counsel for appellants.

No counsel appeared for appellees.

§ 245. *Assumpsit; evidence held insufficient to establish.* Appellants, Womack and Morris, were sued in justice's court by appellees for the value of four thousand rails and a gate and post, of the alleged aggregate value of $125. Judgment ·was rendered against them in said justice's court for the sum of $107.50, and, on appeal to the county court, they again lost the case, and the judgment was increased to the full demand of $125. The sureties on the ·appellants' appeal bond were included in the latter judgment. The only error insisted on in this court is the insufficiency of the evidence to support the judgment rendered against the appellants. The testimony, in substance, is, on part of the plaintiffs below, that A. P. Womack bought the rails of one Acuff, who claimed to be heir at law of Wood, deceased, and agreed to pay for same; and on the part of the defendants below that Jake· Womack, who is not a party to this suit, bought the rails of said Acuff and hauled the said rails away from the Wilcox survey, where they were when purchased. Some of the rails were on "Judge Dyer's land." The only evidence to show any responsibility on the part of Morris for the alleged value of the rails consisted of the fact that he married the sister of Jake Womack, and assisted the said Jake Womack in hauling the rails away from the premises where they were, and carried them to the premises of A. P. Womack; and the further fact that said Morris afterwards

resided on the premises where the rails were placed. Neither does the marriage to Womack's daughter, nor his residence on the premises where the rails were placed, constitute any legal cause of indebtedness against Morris, nor any reason why he should pay for the rails or their value. A marriage into the Womack family by Morris constituted against him no legal liability for the debts of A. P. Womack, nor does it amount to a contract, in writing or otherwise, to pay the " debt, default or miscarriage " of A. P. Womack. It is not shown that he agreed, as a consideration of his marriage into the family, that he would pay this debt or any part of it. The judgment as to Morris is not only not supported by the testimony, but is against the evidence. The testimony is conflicting as to the liability of A. P. Womack, and we do not feel authorized in disturbing the judgment against him. The judgment as to A. P. Womack is sufficiently supported by the evidence, and will be affirmed; and the judgment as to Marion Morris, because there is no evidence to support it, will be reversed and remanded; and the costs of this appeal will be paid equally by the appellant A. P. Womack and the appellees herein.

April 29, 1891.                    Ordered accordingly.